**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD W. MARSHALL,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>BRUCE KIRBY, Lieutenant,<br><br>        Defendant - Appellant,<br><br>  and<br><br>MICHAEL POEHLMAN, Chief of Police;<br>et al.,<br><br>        Defendants. | No. 09-15460<br><br>D.C. No. 3:07-cv-00222-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert A. McQuaid, Magistrate Judge, Presiding

Submitted April 14, 2010[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD and THOMAS, Circuit Judges, and STAFFORD, Senior District Judge.[***]

The plaintiff, Gerald Marshall, sued the defendant, Lieutenant Bruce Kirby, alleging unlawful detention, use of excessive force, and arrest without probable cause, all in violation of the Fourth Amendment and 42 U.S.C. § 1983. Kirby appeals from the trial court's order denying his Rule 50(a) motion for judgment as a matter of law on qualified immunity grounds. The motion was made before the jury announced that it was unable to reach a unanimous verdict. The case thus comes to us in the posture of an interlocutory appeal. We dismiss the appeal and remand for further proceedings.

Our jurisdiction, or scope of review, in an appeal of a district court's denial of an official's motion for qualified immunity is limited to questions of law and does not extend to matters of fact or questions of evidence sufficiency. In Johnson v. Jones, 515 U.S. 304, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995), the Supreme Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's . . . order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Id. at 319-20. The Court later clarified Johnson by explaining that, "if what is at issue in the

---

[***] The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no 'final decision' under Cohen and Mitchell." Behrens v. Pelletier, 516 U.S. 299, 313, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996).

Here, the trial court determined that multiple disputed issues of material fact precluded entry of judgment in Kirby's favor on all claims. On appeal, Kirby continues to insist on facts that the trial judge concluded were in dispute, making little, if any, attempt to demonstrate that he is entitled to qualified immunity *even if* the evidence, and all reasonable inferences therefrom, are construed in the light most favorable to Marshall.

Because we find that this case does not fall within the category of cases open to interlocutory appeal based on qualified immunity, the appeal is **DISMISSED.** The case shall be returned to the trial court for further proceedings .